IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-730-FL

YVONNE UCHECHUKWU CARVER,)
)
Plaintiff,)
)
v.) ORDER AND MEMORANDUM
) AND RECOMMENDATION
DUKE UNIVERSITY HEALTH SYSTEMS,)
MARSHA PORTER, TANYA CARSON and)
TERRI O'LEARY,)
)
Defendants.)

This matter is before the Court on Plaintiff Yvonne Uchechukwu Carver's ("Plaintiff") application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). [DE-1]. A litigant may commence an action in federal court *in forma pauperis* if she files an affidavit, in good faith, stating that she is unable to pay the costs of the law suit. *See* 28 U.S.C. § 1915(a). Nothing in the record suggests that Plaintiff's affidavit is inaccurate or submitted in bad faith. Accordingly, it appears that Plaintiff satisfies the financial requirements for *in forma pauperis* status and the motion is ALLOWED. However, section 1915(e)(2)(B) provides that the court "shall dismiss" an action filed *in forma pauperis* "at any time if the court determines that the action or appeal is (i) frivolous or malicious; (ii) fails to state a clam on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For the reasons set forth below, this court RECOMMENDS that the complaint be DISMISSED IN PART.

### I. PLAINTIFF'S COMPLAINT

On November 7, 2012, Plaintiff filed a complaint against Defendants Duke University Health Systems ("Duke"), Marsha Porter ("Porter"), Tanya Carson ("Carson"), and Terri O'Leary

("O'Leary"). Compl. ¶ 2. [DE-1-1]. Plaintiff's complaint contains causes of action arising under Title VII of the Civil Rights Act of 1964 for employment discrimination. *Id.* ¶ 3. In particular, Plaintiff alleges Defendants discriminated against her on the basis of her race and national origin, following a leave of absence, when Defendants refused to reinstate Plaintiff to her position. *Id.* ¶¶ 6, 9. According to Plaintiff, Porter is a clinical operations director, and Carson and O'Leary are both nurse managers. *Id.* ¶ 7.

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris,* 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ( "Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). In addition, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*,

2

550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. **Plaintiff's Title VII Claims against Individually-Named Defendants Fail to State a Claim for Which Relief May Be Granted.**

Plaintiff has asserted claims of discrimination arising under Title VII against individual Defendants Porter, Carson and O'Leary. Construing the allegations of the complaint liberally, the court discerns no other causes of action asserted against these individually-named defendants. According to Plaintiff, Porter is a director and both Carson and O'Leary are managers. Compl. ¶ 7.

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an <u>employer</u> . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added). The statute defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a

3

person." *Id.* § 2000e(b). Individuals, however, may not be personally liable under Title VII. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) (recognizing that supervisors are not liable in their individual capacities for Title VII violations because an individual supervisor is not the plaintiff's "employer"); *Ward v. Coastal Carolina Health Care, P.A.*, 597 F. Supp. 2d 567, 570 (E.D.N.C. 2009) ("[I]ndividual employees of corporate entities . . . are not liable in their individual capacities for Title VII violations because such individuals are not 'employers' under Title VII."). Accordingly, the court recommends that the complaint be dismissed against individually-named defendants, Porter, Carson and O'Leary.

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED IN PART for failing to state a claim for which relief may be granted.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, this the 13th day of November, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge

4

Case 5:12-cv-00730-FL   Document 4   Filed 11/13/12   Page 4 of 4